UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LUIS A. CURET,

                         Plaintiff,

v.                                                           Case No. 24-cv-1652-pp

TONIA ROZMARYNOSKI, *et al.*,

                         Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 9) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Luis Curet, who is incarcerated at Columbia Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 9, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 9)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On February 10, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $61.34. Dkt. No. 13. The court received that fee on March 7, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v.</u>

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The plaintiff's thirty-nine-page complaint sues thirty-three defendants. Dkt. No. 1. The complaint is repetitive, rambling and hard to follow. And as discussed below, it raises some of the same allegations raised in another lawsuit the plaintiff filed in this court.

The plaintiff alleges that on December 6, 2023, while confined at Green Bay Correctional Institution, defendants Lieutenant Lannoye and CO Banker failed to protect him from a death threat from one incarcerated individual and a rape threat from another incarcerated individual. Dkt. No. 1 at 5. (The plaintiff does not allege that the other incarcerated individuals harmed him,

only that they threatened to do so.) Defendants PSU Supervisor Dr. Todd Hamilton, Dr. Amy Woolf, Dr. Martha Breen-Smith, Dr. Hiliary Burg and PSU Angela Tayson allegedly forced the plaintiff to go on control observation with a camera in his cell for three days. Id. The plaintiff states that Lannoye and Banker walked him to the strip cage where defendant CO Korpita strip-searched him. Id. After the strip search, defendant Rozmarynoski allegedly made the plaintiff go to his knees, handcuffed him, tethered him to the cell door and then unnecessarily used OC mace and a taser on him. Id. at 6. The plaintiff has asthma, and he allegedly sustained injuries from Rozmarynoski's actions. Id. He states that defendants Nurse Rachel Matushak, H. Utter, LPN Apolapenko and J. Granius did not treat him or send him to the hospital for his injuries. Id.

The plaintiff alleges that later on December 6, 2023, defendants CO Tyler Schleis, CO Gary Hoffman, CO Ramirez, CO Jean, CO Hanson, CO Montrel Bridges and Rozmarynoski returned to his cell. Id. He states that "they all did a cell entry with suit up riot gear on and beat [him] and stomped [him] out[.]" Id.

The plaintiff alleges that from December 6, 2023 to February 21, 2024 he went from being "MH-1 to a MH-2a." Id. at 7. Defendant Dr. Hamilton allegedly approved the MH (presumably, mental health) level change, "[b]asically saying [the plaintiff] was psychotic" to approve a transfer from Green Bay to the Wisconsin Resource Center. Id. The plaintiff alleges that defendant Michael Schultz was the warden at Green Bay during this time and that Chris Stevens

4

and Deputy Warden Michelle Hase are responsible because of their administrative and supervisory roles at Green Bay. Id. at 9.

The plaintiff alleges that on January 11, 2024, defendants Perttu, CO Neveu, Rozmarynoski, CO Diedrick and CO Schommer "removed [his] clothes and cut [him] with the tools they w[ere] using in the cell and the hearing room and forced him into cell 609." Id. at 15. Although it is not entirely clear, these allegations appear to be related to the plaintiff's allegations that he was placed in observation on December 6, 2023. The plaintiff states that he was placed on punitive segregation without adequate due process protections. Id. at 15-16.

The plaintiff claims that his constitutional rights have been violated. Id. at 20-25. For relief, he seeks damages and injunctive relief. Id. at 25-35.

C. Analysis

As the court stated above, the complaint is repetitive and rambling. The plaintiff raised some of these allegations in another case he filed in this court, Curet v. Rozmarynoski, Case No. 25-cv-6 (E.D. Wis.). In that case, the court allowed the plaintiff to proceed on the following claims based on events that allegedly occurred on December 6, 2023: (1) an Eighth Amendment excessive force claim against defendant Rozmarynoski for allegedly unnecessarily using OC mace and a taser on him (2) an Eighth Amendment medical care claim against defendants Apolapenko, Granius, R. Matushak, Rozmarynoski and Utter for allegedly denying the plaintiff a shower and medical care after the incident with Rozmarynoski; and (3) an Eighth and Fourth Amendment claims against defendant Korpita for allegedly making lewd comments about the

5

plaintiff's body and genitalia during the strip search immediately preceding the incident with Rozmarynoski. Id., Dkt. No. 17. The plaintiff has raised these same allegations in the instant case; because the court allowed him to proceed on them in Case No. 25-cv-6, the court will not allow him to proceed on the same claims in this case.

In this case, the court will allow the plaintiff to proceed on his allegations that on December 6, 2023, defendants Schleis, Hoffman, Ramirez, Jean, Hanson, Bridges and Rozmarynoski returned to his cell and "they all did a cell entry with suit up riot gear on and beat [him] and stomped [him] out[.]"[1] The plaintiff's allegations state an excessive force claim under the Eighth Amendment, and the plaintiff may proceed against the above-named defendants in their individual capacities. See Whitaker v. Dempsey, 144 F.4th 908, 922 (7th Cir. 2025).

The plaintiff may not proceed on claims related to his allegations that he was denied due process regarding his placement in control status or segregation. These allegations are distinct from his excessive force allegations. Although it is appropriate for a plaintiff to file several claims against the same defendant, a plaintiff cannot bring unrelated claims against different defendants in the same case. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim

---

[1] The plaintiff raised this claim in Case No. 25-cv-6. The court did not allow the plaintiff proceed on this claim in that case because it is distinct from the claims upon which the court did allow him to proceed.

against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); George, 507 F.3d at 607; Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

Not only are the plaintiff's allegations regarding denial of due process distinct from his excessive force allegations, but they also are confusing and the court does not understand them. If the plaintiff decides to bring these claims in a new lawsuit, he must use the court's form complaint and try to clearly describe the facts that he believes show that he was denied due process.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 9.

The court **ORDERS** that the plaintiff may proceed on an Eighth Amendment excessive force claim against CO Tyler Schleis, CO Gary Hoffman, CO Ramirez, CO Jean, CO Hanson, CO Montrel Bridges and Tonia Rozmarynoski.

The court **DISMISSES** defendants Arron Bamke, Rachel Matushak, Michael Schultz, John Kind, David Brooks, Anthony Matushak, Todd Hamilton, Amy Woolf, Martha Breen Smith, Hilary Burg, Chris Stevens, Michelle Hase, HSU Apolapenko, J. Granius, CO Banker, John Lannoye, CO

7

Korpita, CO Neveu, CO Diedrick, CO Hill, CO Schommer, Utter, Perttu, PSU Angela Tayson, Officer Isaac Buhle and Officer Mayer.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Schleis, Hoffman, Ramirez, Jean, Hanson, Bridges and Rozmarynoski. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$229.26** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Columbia Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

---

[2] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution and Oshkosh Correctional Institution.

advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin, this 21st day of October, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**